IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| APRIL T. ADEMILUYI, | ) |
| Plaintiff, | ) Civil Action No. 24-cv-03616-LKG |
| v. | ) Dated: May 5, 2025 |
| CARLA N. ANDREWS, *et al.*, | ) |
| Defendants. | ) |

## DISMISSAL ORDER

### Background

On December 13, 2024, the Plaintiff, April T. Ademiluyi, commenced this civil action challenging certain state judicial misconduct proceedings that resulted in her removal from the Maryland bench, by asserting tortious interference with contract and intentional infliction of emotional distress claims against Defendant Carla Andrews. ECF No. 1. On January 16, 2025, Defendant Carla Andrews filed a motion to dismiss the complaint, for lack of subject-matter jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 10.

On January 30, 2025, the Plaintiff amended the complaint to add Defendants Sheila Tillerson Adams, Daneeka Varner Cotton and Michael R. Pearson (collectively, the "Judge Defendants") and to assert a claim for First Amendment retaliation against the Judge Defendants arising from the state judicial misconduct proceedings.[1] ECF No. 12. The Plaintiff previously filed similar litigation against the Judge Defendants in this Court in 2023, and that case was dismissed by the Court on March 18, 2025. ECF No. 78 (Case No. 23-cv-03526-LKG).

On February 20, 2025, Defendant Carla Andrews renewed her motion to dismiss the claims brought against her in the amended complaint. ECF No. 23. The Plaintiff filed a

---

[1] The Court initially struck the amended complaint upon the grounds of untimeliness. ECF No. 15. But the Court, subsequently granted the Plaintiff's motion for reconsideration and deemed the amended complaint filed as of January 30, 2025. ECF No. 17.

response in opposition to that motion on March 6, 2025. ECF No. 27. Defendant Carla Andrews filed a reply brief on March 13, 2025. ECF No. 28.

On March 14, 2025, the Judge Defendants filed a motion to dismiss the claims against them, for lack of subject-matter jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 29. Pursuant to the Court's Scheduling Order dated, February 20, 2025, the Plaintiff's response to the Judge Defendants' motion to dismiss was due on April 4, 2025. *See* ECF No. 22.

The Plaintiff did not file a response to the Judge Defendant's motion to dismiss. But, on April 7, 2025, the Plaintiff attempted to file a proposed second amended complaint seeking to add a new defendant to the case, Maryland Attorney General Anthony Brown, and a claim for ultra vires, without seeking leave of the Court, or obtaining the consent of the Defendants. ECF No. 30. On April 9, 2025, the Court struck the Plaintiff's proposed second amended complaint as untimely and issued a Show Cause Order directing the Plaintiff to show cause in writing as to why she failed to timely respond to the Judge Defendants' motion to dismiss, and to file a response to the Judge Defendants' motion to dismiss, on or before April 16, 2025. ECF No. 33.

On April 10, 2025, the Plaintiff filed a response to the Court's Show Cause Order, but the Plaintiff did not file a response to the Judge Defendants' motion to dismiss. ECF No. 34. And so, on April 22, 2025, the Court issued a second Show Cause Order directing the Plaintiff to show cause in writing as to why she failed to respond to the Judge Defendants' motion to dismiss, and to file a response to the Judge Defendants' motion to dismiss on or before April 29, 2025. ECF No. 35.

On April 23, 2025, the Plaintiff filed a response to the Court's April 22, 2025, Show Cause Order and a motion for leave to file an amended complaint. ECF No. 36. But the Plaintiff, again, failed to file a response to the Judge Defendant's motion to dismiss. *Id*. And so, to date, the Plaintiff has not filed a response to the Judge Defendants' motion to dismiss, which has been pending since March 14, 2025.

## Legal Standards

### A. Fed. Civ. P. 16(f)

Pursuant to Fed. R. Civ. P. 16(f), the Court may issue any just orders if a party or its attorney fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f). In this regard, the United States Court of Appeals for the Fourth Circuit has held that "the decision to

2

implement sanctions is left to the discretion of the trial court." *Kronberg v. LaRouche*, 461 F. App'x 222, 225 (4th Cir. 2012).

### B. Fed. R. Civ. P. 41(b)

The Court also has the power to dismiss an action, if the Plaintiff fails to comply with the Federal Rules of Civil Procedure or the Court's Orders. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (A court has the "inherent power" to dismiss an action for want of prosecution.). This judicial power derives from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) *as amended* (June 10, 2019) (quoting *Link*, 370 U.S. at 630-31 (1962)). And so, in appropriate circumstances, the Court may enter such a dismissal *sua sponte*. *Id.* (citations omitted); *accord Liberto v. Shoppers Food Warehouse Corp.*, No. 1:23-CV-01676-JMC, 2024 WL 3757874, at *2 (D. Md. Aug. 12, 2024) ("Pursuant to Federal Rule of Civil Procedure 41(b), whether on motion of a party or *sua sponte*, the court may involuntarily dismiss an action for failure to prosecute or comply with applicable Federal Rules of Civil Procedure and court orders.") (citation omitted).

Such dismissals are appropriate when "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." *Attkisson*, 925 F.3d at 625 (citations omitted). When considering dismissing a case under Rule 41(b), the Court considers "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id*. (quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). These criteria "are not[, however,] a rigid four-prong test." *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (Powell, J.). Rather, the propriety of an involuntary dismissal is a fact-specific inquiry. *Attkisson*, 925 F.3d at 625.

### C. Fed. R. Civ. P. 15

Lastly, pursuant to Fed. R. Civ. P. 15, "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15. This Court has held that "[t]he earliest served responsive pleading or motion begins the twenty-one day period." *Morris v. Nicholson*, No. RWT 09CV2726, 2010 WL 3245404, at *12 (D. Md. Aug.

3

17, 2010) (citing Advisory Comm. Notes to 2009 Amends. to Fed. R. Civ. P. 15); *McMillan v. Templin*, No. CV JKB-22-1675, 2023 WL 3996477, at *5 (D. Md. June 14, 2023) ("The Advisory Committee's notes on Rule 15 clarify that the '21-day periods to amend once as a matter of course . . . are not cumulative,' meaning that 'there is no new 21-day period' each time a new responsive pleading or Rule 12 motion is filed."). And so, a new 21-day period does not commence each time a new responsive pleading or Rule 12 motion is filed. *Id.*

If a party cannot meet the standards under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). When requesting leave to file an amended complaint, the Court's Local Rules also require that, "[b]efore filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel. Counsel shall state in the motion whether the consent of other counsel has been obtained." L.R. 103.6(d) (D. Md. 2023).

In this regard, the Court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). An amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (4th Cir. 2012). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

## Analysis

### A. The Court Dismisses The Amended Complaint

The litigation history for this case makes clear that the Plaintiff has failed on several occasions to comply with this Court's Orders and to prosecute this matter, in contravention of Fed. R. Civ. P. 16(f) and 41(b). As the Fourth Circuit has recognized, this Court has the power to dismiss an action when a plaintiff fails to comply with its Orders and the Federal Rules of Civil Procedure. *Kronberg*, 461 F. App'x at 225; *see* Fed. R. Civ P. 16(f); Fed. R. Civ. P. 37(b); *see also Attkisson*, 925 F.3d at 625 (citations omitted); Fed. R. Civ. P. 41(b). The dismissal of this matter, pursuant to Fed. R. Civ. P. 16(f) and 41(b), is warranted for several reasons.

4

First, the Plaintiff has failed to, and refused to, comply with the Court's February 20, 2025, Scheduling Order regarding the briefing of the Judge Defendants' motion to dismiss. While the Plaintiff's response to that motion was due on April 4, 2025, she has not filed a response to date. ECF No. 22 (Ordering that the Plaintiff file a response to Judge Defendants' motion to dismiss on or before April 4, 2025).

The Plaintiff similarly failed to comply with the Court's April 9, 2025, and April 22, 2025, Show Cause Orders, directing the Plaintiff to file her overdue response to the Judge Defendant's motion. ECF No. 33 (directing the Plaintiff to show cause and file a response to the Judge Defendants' motion to dismiss on or before April 16, 2025); ECF No. 35 (directing the Plaintiff to show cause and file a response to the Judge Defendants' motion to dismiss on or before April 29, 2025). And so, the Plaintiff has failed to obey the Court's Scheduling and Show Cause Orders in this matter, in contravention of Fed. R. Civ. P. 16(f).

Second, as the Court has previously observed, the Plaintiff has not complied with Fed. R. Civ. P. 15 and Local Rule 103.6(d), because she sought to file a proposed second amended complaint without first seeking the leave of this Court, or obtaining the consent of the Defendants. Fed. R. Civ. P. 15(a); ECF No. 12.[2] The Court has also previously observed that the Plaintiff's proposed second amended complaint is untimely, because it was filed more than 21 days after Defendant Carla Andrews served her renewed motion to dismiss on February 20, 2025. *Morris v. Nicholson*, No. RWT 09CV2726, 2010 WL 3245404, at *12 (D. Md. Aug. 17, 2010) ("The earliest served responsive pleading or motion begins the twenty-one day period."); *see also McMillan v. Templin*, No. CV JKB-22-1675, 2023 WL 3996477, at *5 (D. Md. June 14, 2023). Given these obstructions, the Court has expressed its concern that the Plaintiff's repeated violation of the aforementioned Court Orders and the Federal Rules of Civil Procedure is intended to unduly delay this litigation and to impede the just, speedy and inexpensive determination of this matter. Fed. R. Civ. 1.[3]

---

[2] The Plaintiff continues to rely upon *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010), to argue that she may further amend the complaint as a matter of right. ECF No. 36. But the Fourth Circuit makes clear in that case that "our reasoning in Section II.A of this opinion corresponds only to the version of Rule 15(a) in effect at the time of Galustian's motion to amend, March 2008." *See Galustian v. Peter*, 591 F.3d 724, 730 n.4 (4th Cir. 2010).

[3] The Plaintiff belatedly seeks leave of the Court to file a second amended complaint. ECF No. 36. But a careful reading of the proposed amended complaint shows that the amendment would be futile, because the proposed second amended complaint does not remedy the concerns raised by the Judge Defendants

For the foregoing reasons, the Court:

    (1) **DISMISSES** the amended complaint, pursuant to Federal Rule of Civil Procedure 16(f) and 41(b); and

    (2) **DIRECTS** the Clerk to **CLOSE** the case.

**IT IS SO ORDERED.**

    s/ Lydia Kay Griggsby
    LYDIA KAY GRIGGSBY
    United States District Judge

---

that the claims brought against them are barred by claim preclusion and judicial immunity. ECF No. 29-1 at 11-16. Nor does the proposed second amended complaint address or resolve the jurisdictional and substantive defects raised in Defendant Carla Andrew's motion to dismiss. *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (A proposed amended complaint is futile if it would not withstand a motion to dismiss.).